[NOT YET SCHEDULED FOR ORAL ARGUMENT]
———————————

No. 17-5236
———————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
———————————

ROCHELLE GARZA, as guardian ad litem to unaccompanied minor J.D.,

Plaintiff-Appellee,

v.

ERIC HARGAN, Acting Secretary of Health and Human Services, et al.,

Defendants-Appellants.
———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
No. 17-cv-2122 (TSC)
———————————

**APPELLEE'S OPPOSITION TO THE ENTRY OF AN ADMINISTRATIVE STAY PENDING CONSIDERATION OF APPELLENTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**
———————————

Plaintiff-Appellee Garza intends to file her opposition to the government's motion for a stay pending appeal by midday tomorrow (Thursday, October 19). She now files this opposition to the government's request for an administrative stay pending the Court's decision on the stay.

The government has no need for such an administrative stay, even under its own logic. Its real concern, as it has made clear, is that an "irreversible abortion" will take place before this Court has time to rule. But no abortion can take place, under applicable Texas law, before Friday, October 20th, at the earliest.

By contrast, entry of an administrative stay at this time will immediately impose irreparable injury upon the unaccompanied minor J.D., because under Texas law an abortion cannot take place until 24 hours after J.D. has received counseling mandated by the State of Texas. Tex. Health & Safety Code Ann. § 171.012(b).

Under the temporary restraining order now in effect, J.D. can receive counseling—and only counseling—on Thursday, October 19. The government has asked the Court to rule on its emergency motion for a stay by 9:00 p.m. on that date, and if a stay were granted at that time no abortion could take place on Friday or Saturday.

Entry of an administrative stay at this time, however, while unnecessary to prevent an abortion, will prevent J.D. from obtaining the first, mandatory step in the process of obtaining an abortion under Texas law—the counseling session that the District Court ordered the government not to obstruct her from on Thursday, October 19. If this Court enters an administrative stay and thereby blocks the counseling appointment but then decides to deny the stay pending appeal, the

administrative stay will have effectively prevented J.D. from receiving an abortion on Friday or Saturday, and she will have to wait another week because different doctors will be on duty at the facility next week and Texas law requires that the same doctor performing the procedure counsel the patient. Tex. Health & Safety Code Ann. § 171.012(a)(1).

It is necessary that J.D. receive counseling on Thursday because her pregnancy may have progressed to the point where she needs the abortion over the course of two days, beginning 24 hours after the counseling. Thus for her to receive counseling on Friday may be insufficient.

Moreover, if J.D. does not get her abortion this week she may no longer be able to get an abortion in the region in Texas where she lives but may instead need to go to another health center hundreds of miles away.

Accordingly, granting an administrative stay will impose great harm on J.D. in the event that the Court denies the stay pending appeal, but it will produce no collateral benefits for the government, which does not even attempt to make the unsupportable claim that the counseling session—mandated by the State of Texas—is "irreversible" and tantamount to receiving final relief.

A motion for a stay is evaluated based on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether

3

issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

    Here, factors (2), (3), and (4) are decisive. The applicant for the stay—the government—will suffer no injury absent an administrative stay, because the government claims no interest in preventing J.D. from receiving counseling. (Indeed, the government required her to undergo counseling on its own.) But even an administrative stay will irreparably injure Jane Doe, because if no stay pending appeal is granted, the administrative stay will have effectively postponed the relief—access to an abortion—that the District Court found she immediately needed to avert irreparable harm. And therefore there is no public interest in the stay, which is unnecessary to preserve the status quo regarding the ultimate issue: whether J.D. receives an abortion. Without even considering the government's likelihood of success—which is no likelihood, as J.D. will demonstrate in her forthcoming opposition to the motion for a stay pending appeal—it is clear that an administrative stay is both unwarranted and positively harmful.

Date: October 18, 2017         Respectfully submitted,

                                      /s/ *Arthur B. Spitzer*
                                      Arthur B. Spitzer
                                      Scott Michelman
                                      American Civil Liberties Union Foundation
                                      of the District of Columbia
                                      4301 Connecticut Avenue NW, Suite 434

Washington, D.C. 20008
Tel. 202-457-0800
Fax 202-457-0805
*aspitzer@acludc.org*
*smichelman@acludc.org*

Brigitte Amiri
Meagan Burrows
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 549-2633
Fax (212) 549-2652
*bamiri@aclu.org*
*mburrows@aclu.org*

Daniel Mach
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
Telephone: (202) 675-2330
*dmach@aclu.org*

Jennifer L. Chou
Mishan R. Wroe
American Civil Liberties Union Foundation of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Tel. (415) 621-2493
Fax (415) 255-8437
*jchou@aclunc.org*
*mwroe@aclunc.org*

Melissa Goodman
American Civil Liberties Union Foundation of Southern California
1313 West 8th Street
Los Angeles, California 90017
Tel. (213) 977-9500
Fax (213) 977-5299
*mgoodman@aclusocal.org*

*Attorneys for Plaintiff-Appellee*

5